

Jul 19 2022

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF HISTORICAL CELL DATA ASSOCIATED WITH CELLULAR DEVICES ASSIGNED CALL NUMBERS (562)336-7023 AND (909)761-6101, STORED AT PREMISES CONTROLLED BY T-MOBILE | Case No. 3:22-sw- 132<br>3:22-sw- 133<br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Vaughan Livengood, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.     I make this affidavit in support of an application for a search warrant for information associated with two cellular telephones assigned call numbers (562) 336-7023 and (909) 761-6101 ("SUBJECT TELEPHONE NUMBERS"), that are stored at premises controlled by T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey, 07054.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to disclose to the government copies of the information further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2.     I am a Task Force Officer with the Drug Enforcement Administration ("DEA") and have been since October 2015.   I have received extensive training in the investigation and detection of controlled substance traffickers.  I have conducted and assisted in investigations into the unlawful possession and possession with the intent to distribute controlled substances, and

their associated conspiracies in violation of Title 21, United States Code, Sections 841(a) and 846. I have participated in the preparation and execution of numerous arrest and search warrants for criminal offenses involving the distribution and conspiracy to distribute controlled substances. I am aware that heroin is a Schedule I Controlled Substance, and that fentanyl is a Schedule II Controlled Substance. I am familiar with the methods traffickers use to conduct their illegal activities to include communication methods, vehicles, text messaging, asset management, and narcotics transactions.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on the facts set forth in this Affidavit, there is probable cause to believe that criminal violations of 21 U.S.C. §§ 846 and 841(a)(1), conspiracy to possess with intent to distribute and distribute controlled substances, and possession with intent to distribute controlled substances have been committed, are being committed, and will be committed by Ignacio RUBIO Carrillo. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## **PROBABLE CAUSE**

### **Surveillance of 9093 West Broad Street Address in October of 2021**

1.      On October 20, 2021, members of the DEA Richmond District Office conducted surveillance at 9093 West Broad Street, Henrico, VA ("9093 Broad Street"). The 9093 Broad Street address was identified as a BP gas station with a detached car wash. A privately operated auto detailing business is located in the rear of the parking lot of the 9093 Broad Street address

2

which bore a sign identifying the business as "High Standards Detailing & Powerwashing".  The owner of the car wash/auto detailing business, hereafter referred to as CS-1, was the subject of investigation for his suspected involvement in drug trafficking.  During surveillance, investigators observed a silver Toyota Corolla bearing Florida registration JJYV76 (hereinafter Toyota Corolla) parked behind the 9093 Broad Street address.  Investigators observed a male seated in the driver's seat of the Toyota Corolla.  Investigators determined that the Toyota Corolla was a Hertz rental car and that the car had been rented by Ignacio RUBIO Carrillo (RUBIO) at the Richmond International Airport on October 20, 2021. RUBIO provided his birthday, his home address as 8530 ½ Ramona Street, Bellflower, California (hereinafter Ramona Street address) and contact telephone number (714) 362-4120 at the time of the rental.

2.      Investigators observed CS-1 retrieve a black plastic shopping bag from his car at the 9093 Broad Street address.  CS-1 carried the black plastic shopping bag from his car across the parking lot and entered the front passenger seat of the Toyota Corolla.  The black plastic shopping bag was weighted, indicating the black plastic shopping bag was not empty.  After a few moments, CS-1 exited the Toyota Corolla without the black plastic shopping bag.

3.      On October 22, 2022, surveillance was conducted on RUBIO and the Toyota Corolla in the east end of Henrico County.  RUBIO was observed parking the Corolla in a parking lot at 2903 Williamsburg Road.  RUBIO met with several individuals at this location. During one of these interactions, an unidentified male was observed placing a black bag into RUBIO's vehicle.  The unidentified male was then observed leaving the area.  This interaction appeared similar to the exchange observed on October 20, 2021 in which CS-1 provided RUBIO with a black bag.

4.      After these interactions, RUBIO was followed to various convenience stores and ATMs in which he appeared to be remitting and/or depositing money.  RUBIO was eventually stopped by law enforcement based on their observations.  As a result, a total of $6,105 in USC as well as two cellular telephones were seized from RUBIO.

### November 8, 2022 Search Warrant for Ignacio Rubio's Cell Phones

5.      On November 8, 2021, United States Magistrate Judge Mark R. Columbell signed a search warrant authorizing the search of the cell phones recovered from RUBIO.  The cellular telephones recovered were found to be assigned phone numbers (714) 316-4120 and (661) 388-7033.  The subsequent review of the data maintained on the (714) 362-4120 phone revealed communications in the form of instant messages between RUBIO and a suspected girlfriend that are relevant to this request and will be detailed further herein.  The same review also revealed attributions in the contact list of the (714) 362-4120 phone for several phone numbers determined to be in contact with the (714) 362-4120 phone.  The relevance of the attributions in the contact list will also be detailed further herein.

### Search Warrant Executed by Henrico Police at 9093 West Broad Street

6.      On January 7, 2022, the Henrico County Police Department (HCPD) received a phone call from Detective Rebecca Hurley from the Indian River County Sheriff's Office who stated they were actively tracking a stolen vehicle (2019 Dodge Charger Hellcat).  Detective Hurley informed the HCPD that the vehicle location was in the area of Tuckernuck Drive and West Broad Street in Henrico County.  Henrico County Police responded to the area in an attempt to locate the vehicle.  During this search, officers observed the stolen vehicle inside 9093 West Broad Street, CS-1's car wash/auto detailing business.  Officers observed CS-1 lock the business and leave shortly after officers arrived in the area.

4

7.     Henrico County Police subsequently obtained a state search warrant for 9093 West Broad Street, Henrico, VA.  Officers located the stolen vehicle parked inside the auto-detailing business.  The additional items recovered are listed below.  They were located in a locked shed connected to the auto-detailing business.  The key to the lock was not located.

Item 1. WCDE Pill Press, Serial Number YD200308

Item 2. 1009.2 grams of off-white powder

Item 3. 711.5 grams of white powder

Item 4. 87.8 grams of brown powder

Item 5. Brown bag with trace amounts of brown powder

Item 6. 266.4 gram of brown powder in an Inositol Powder bottle

Item 7. Samsonite backpack containing baggies, spoons, scale, and a Bluetooth device

Item 8. Digital scale with residue

Item 9. Two bags of Firmapress powder

Item 10. Pill Press Hardware

Item 11. Blue medical mask found with pill press hardware

Item 12. Mail Documents (found inside auto-detailing business)

Item 13. Trail Cam sim card (found inside auto-detailing business)

Item 14. Broken Masterlock that was fixed to the locked shed

8.     Numerous documents located within the business were addressed to CS-1, to include a bank statement, utilities statement, an overdue tax notice, and a personal property bill.  Also located was a signed lease agreement in CS-1's name for 251 Rocketts Way, Unit 203, Richmond, VA 23231 (the "Rocketts Way" address).  The lease was signed on July 6, 2021.  The

lease showed valid from July 6, 2021, until July 6, 2022.  The leasing company was listed as Core Realty Group.

## Search Warrants at Rocketts Way and Heidi Court

9.      On January 25, 2022, members of the DEA Richmond District Office executed Virginia State search warrants on the Rocketts Way address associated with CS-1.  Agents seized approximately 7.5 kilograms of fentanyl/heroin, a kilogram press, vacuum sealers, packaging materials, and a money counter from the Rocketts Way address. CS-1 was arrested and charged through Henrico County with violation of Virginia State Code 18.2-248 - Possession with Intent to Distribute Controlled Substance.

10.     During a Post-*Miranda* interview, CS-1 admitted to investigators that the powder located in the Rocketts Way location was a combination of fentanyl and heroin. CS-1 indicated that his source for the fentanyl and heroin recovered was a Hispanic male from California. CS-1 stated that he did not know the source's name but provided cellular phone numbers for the source as (805) 253-8442 and (323) 710-0363. During a consent search of CS-1's cellular phones, agents observed numerous WhatsApp messages between CS-1 and the user of (805) 253-8442 related to the distribution of controlled substances.

11.     CS-1 stated that in October 2021 he met with an unknown Hispanic male at his car wash/auto detailing business located at 9093 Broad Street and provided the male with approximately $80,000 in USC.  CS-1 stated that the $80,000 (USC) was for the purchase of fentanyl/heroin and was to be given to the source of supply in California that CS-1 had been communicating with on WhatsApp via (805) 253-8442.  Investigators showed CS-1 a photograph of RUBIO which he identified as the person to whom he provided the $80,000 at the meeting at his car wash/auto detailing business on October 20, 2021.

6

12.     CS-1 stated he had provided money to RUBIO on several occasions for the purchase of fentanyl/heroin.   Additionally, CS-1 stated RUBIO had personally delivered kilogram quantities of fentanyl/heroin to CS-1 on at least one occasion in the past.

### Seizure of 2 KGs of Fentanyl/Heroin on 02/07/2022 – 02/08/2022

13.     On February 1, 2022, under the direction of controlling agents, CS-1 placed several recorded WhatsApp messages to the unidentified fentanyl/heroin source of supply at (805) 253-8442. During the recorded conversations, the unidentified fentanyl/heroin source of supply agreed to send CS-1 one kilogram of fentanyl and one kilogram of heroin via the United Parcel Service (UPS). The unidentified fentanyl/heroin source of supply later provided CS-1 with two separate UPS tracking numbers for two parcels which would contain suspected fentanyl and heroin.

14.     On February 7, 2022, law enforcement seized the first parcel with the tracking number provided by the unidentified source of supply. A narcotic detection canine conducted a "sniff" of the parcel and alerted to the odor of narcotics emanating from the package. Agents obtained a Virginia State search warrant for the parcel and seized approximately one kilogram of suspected fentanyl.

15.     On February 8, 2022, law enforcement seized the second parcel with the tracking number provided by the unidentified fentanyl/heroin source of supply. A narcotic detection canine conducted a "sniff" of the parcel and alerted to the odor of narcotics emanating from the package. Agents obtained a Virginia State search warrant for the parcel and seized approximately one kilogram of suspected heroin.

7

**Surveillance of Unidentified Fentanyl/Heroin Source**

16.     On February 3, 2022, agents obtained a Virginia State Search warrant for historical and prospective GPS monitoring ["pings"] for the unidentified Fentanyl/Heroin source of supply's cellular phone numbers (805) 253-8442 and (323) 710-0363.

17.     On February 3, 2022, the DEA Richmond District Office commenced with the prospective GPS monitoring of (805) 253-8442 and (323) 710-0363.   GPS monitoring of the cellular phones as well as analysis of historical cell site data on the cellular telephones utilized by the unidentified source of supply indicated that the source was likely residing at or in the immediate vicinity of 10842 Hesby Street, North Hollywood, California 91601 and that the phone often traveled from the 10842 Hesby Street location to the immediate vicinity of RUBIO's residence, 8530 ½ Ramona St, Bellflower, CA.

18.     On February 7, 2022, agents observed that cellular phone number (805) 253-8442 was located in the parking lot of a Target Department Store, located at 6750 Cherry Avenue, Long Beach, California 90805. Agents noted that the accuracy of the GPS pings was within 15 meters or less. Your affiant subsequently issued a DEA administrative subpoena to Target for video surveillance footage during the period when (805) 253-8442 was pinging at their store. A review of the surveillance footage revealed a black Chevrolet Tahoe, with black rims arriving at the Target parking lot during time when the (805) 253-8442 was located at the location. The video showed two males exiting the black Chevy Tahoe, entering the Target Department Store, purchasing several items via a self-service check-out kiosk, and then returning to the black Chevy Tahoe with the purchased items.   GPS monitoring of cellular phone number (805) 253-8442 revealed that the cellular phone departed the Target Store during the same time as the two occupants of the black Chevy Tahoe were observed exiting the store.   A review of the GPS pings

8

of the (805) 253-8442 phone showed that the phone traveled in the morning from the immediate area of 10842 Hesby St, North Hollywood, CA to the immediate area of 8530 ½ Ramona St, Bellflower, CA, Rubio's residence, and then to the Target store and then back to the immediate area of 8530 ½ Ramona St, Bellflower, CA on February 7, 2022.

19.     A request for transactional information associated with the Target visit revealed that the two males purchased packaging material consistent with the packaging material that was seized with the fentanyl and heroin parcels seized by agents on February 7 and February 8, 2022.

**Seizure of Additional 12 Ounces of Fentanyl from Fentanyl/Heroin Source**

20.     Between February 2022 and March 2022, Richmond Police utilized a confidential source to conduct controlled purchases of fentanyl from a subject suspected to be a drug trafficker.  For each of these purchases, the confidential source provided United States currency and was provided a quantity of fentanyl.   Richmond Police Narcotics Detective Aeschilman subsequently obtained a state search warrant for two addresses associated with the subject.  The search warrants were executed on March 11, 2022, resulting in the recovery of over twelve (12) ounces of suspected fentanyl, five (5) firearms, and approximately $20,000 in United States currency.

21.     During a post-*Miranda* interview, the subject identified his source of supply as a Hispanic male in California.  The subject, hereafter referred to as CS-2, agreed to cooperate with law enforcement.  CS-2 admitted that the drugs recovered by law enforcement were provided by his source of supply.  CS-2 indicated that he was receiving kilogram quantities of fentanyl/heroin from the source of supply through the United Postal Service (UPS).  CS-2 indicated that he conversed with the source of supply utilizing WhatsApp.  CS-2 indicated that he had previously met the source of supply, in person, during a trip to California.  CS-2 provided (323) 710-0363,

(805) 253-8442, and (323) 738-3561 as phone numbers utilized by the source of supply.  These phone numbers, as well as the shipping method and communication method (WhatsApp encrypted communications), match the phone numbers, communication method, and shipping method (mail/parcel delivery) utilized by CS-1's source of supply.

### Surveillance of Source of Supply by Pasadena Narcotics Detectives

22.    On March 1, 2022, DEA Richmond District Office agents were monitoring the GPS position of (805) 253-8442. During the GPS monitoring, agents observed that the cellular phone was located in the residential area of the 10800 block of Hesby Street, North Hollywood, California 91601. Agents subsequently contacted members of the Pasadena Police Department Narcotics Unit, who established surveillance of the 10800 block of Hesby Street, North Hollywood, California 91601.  While establishing surveillance, officers observed a 2017 black Chevy Tahoe bearing California license plate 8XYT704 parked on Hesby Street. Officers observed the Tahoe had black rims and appeared identical to the vehicle observed at the Target Store on surveillance footage on February 7, 2022.

23.    Between March 2, 2022, and March 9, 2022, surveillance conducted by Pasadena Narcotics Detective Christian showed the unidentified source of supply regularly operating the black Chevrolet Tahoe bearing California license 8XYT704 as well as leaving the 10842 Hesby Street address on several occasions.  The subject was also observed frequenting RUBIO's home address, 8530 1/2 Ramona Street, Bellflower, California.

### Arrest and Identification of Fentanyl/Heroin Source

24.    On March 16, 2022, Pasadena Narcotics Detective Christian conducted surveillance on the unidentified source of supply around 10842 Hesby St, North Hollywood, CA. Detective Christian observed the source of supply leaving the area of 10800 block of Hesby

Street operating a white Nissan sedan bearing California license 8YTF847.  The source was followed to the area of RUBIO's home address.  The source was eventually observed leaving the area of Ramona Street with a passenger who appeared to be RUBIO.  A traffic stop was conducted by marked uniform officers to positively identify the fentanyl/heroin source of supply.  The vehicle accelerated rapidly to flee from law enforcement, crashing several blocks later.  The driver was subsequently taken into custody.   The passenger fled on foot and was not apprehended.   Approximately one-half kilogram of suspected fentanyl was recovered from the passenger floorboard.   Approximately one pound of suspected fentanyl was recovered in proximity to the vehicle.  Packaging material and United States currency were also recovered in the vehicle.  The driver initially provided a suspected fake Mexican driver's license in the name of Juan Manuel Valenzuela Paez and identified himself as such.   However, he subsequently admitted to Pasadena PD detectives that his true name was Leopoldo Allan ISLAS-Gonzalez.

25.     A photograph was taken of ISLAS-Gonzalez by Detective Christian and provided to agents in Virginia.  Your affiant met independently with CS-1 and CS-2 and showed them the photograph of ISLAS-Gonzalez provided by Det. Christian.  Both CS-1 and CS-2 identified the subject in the photo as their fentanyl/heroin source of supply from California with whom they had communicated via cellular phone (805) 253-8442 in the past.

26.     After the arrest of ISLAS on March 16, Pasadena Police responded to RUBIO's home address, 8530 ½ Ramona Street, Bellflower, California in an effort to locate RUBIO.  Josefa Berenice SALAZAR Gastelum, RUBIO's wife, was leaving with two children as Police arrived.  SALAZAR indicated that RUBIO was not home and provided written consent to search her home.  A narcotics canine screened the residence and alerted to the odor of narcotics in the master bedroom closet and in the garage.  Detectives located a Llama .380 handgun on the top

11

shelf of the bedroom closet.  Search of the garage yielded the discovery of numerous items used in the packaging and distribution of illegal narcotics.  These items included vacuum sealers, vacuum sealer bags, digital scale, mailing envelopes, and packaging material.  These materials appeared similar to the packaging materials recovered along with the drugs inside the vehicle ISLAS and RUBIO utilized to flee from law enforcement.  The packaging materials also appeared similar to the packaging materials recovered in the two-kilogram shipments of fentanyl and heroin seized by law enforcement in Richmond, Virginia on February 7 and 8, 2002 and similar to the packing materials purchased at the Target store, 6750 Cherry Ave, Long Beach, CA on February 7.

27.     On April 5, 2022, a federal grand jury indicted Leopoldo Allan ISLAS Gonzalez and Ignacio RUBIO Carrillo in the Eastern District of Virginia.  ISLAS was indicted for conspiracy to distribute and possess with the intent to distribute 400 grams or more of fentanyl and distribution of 1 kilogram or more of heroin and 400 grams or more of fentanyl.  RUBIO was indicted for conspiracy to distribute and possess with the intent to distribute 400 grams or more of fentanyl.

**United States Marshalls Interview of Valeria Espinoza**

28.     On May 17, 2022, while attempting to locate Ignacio RUBIO Carrillo, United States Marshall (USM) Agent Flores interviewed Valeria ESPINOZA.  The previous review of data from the (714) 362-4120 phone seized from RUBIO on October 22, 2021, revealed that he appeared to have a personal or romantic relationship with ESPINOZA.  In a series of instant messages between October 20, 2021 and October 22, 2021 RUBIO and ESPINOZA exchanged videos, photos, comments, and emojis over their respective phones that strongly suggest a personal relationship between the two.  ESPINOZA told USM Flores that RUBIO would often

bring food to her at her work but claimed that her relationship with RUBIO was strictly a business relationship.   She further claimed that she provided RUBIO and his wife, Josefa Berenice SALAZAR Gastelum, with auto insurance service and assisted them with California DMV issues.    ESPINOZA indicated that she has not seen or heard from RUBIO since ISLAS's arrest.

29.    ESPINOZA showed Agent Flores her cell phone contact list which had RUBIO saved under, "Manuel Mil Nombres," which translates to, "Manuel with a Million names."  The corresponding phone number showed as (714) 362-4120.   ESPINOZA provided her cellular telephone number as (323) 217-4069.  Subpoenaed phone records for (323) 217-4069 show the number as being subscribed to Valeria ESPINOZA and having been activated on December 20, 2015.

30.    Previously reviewed data from the (714) 362-4120 phone that was seized from RUBIO on October 22, 2021, revealed that ESPINOZA's (323) 217-4069 phone was assigned the attribution "De La Aseguranza Valeria", which translates roughly to "Valeria from the insurance office", in the phone's contact list.  Subpoenaed call records for (714) 362-4120 show that Rubio's (714) 362-4120 phone and Espinoza's (323) 217-4069 phone were in contact on 394 occasions between October 21, 2020, and October 21, 2021.  This rate of contact indicates more than one call and or message per day between the two over the course of a year.

31.    The content and personal nature of the videos, photos, messages and emojis exchanged in the October 20, 2021, through October 22, 2021,  instant message thread indicates that the relationship between ESPINOZA and RUBIO was not strictly business but rather a mix of business and pleasure.  This assessment is supported by the high rate of contact between the two phones during the prior year as most people are not in daily contact with their insurance

agent.  Your affiant believes that RUBIO and ESPINOZA maintained a personal, likely romantic, relationship, and believes that Espinoza purposefully omitted this information when she was interviewed by Agent Flores on May 17, 2022, in an effort to protect RUBIO.  Your affiant believes that RUBIO and ESPINOZA currently maintain their relationship and are still in contact with one another.

### Identification of Ignacio RUBIO's Phones

32.    Phone records were subpoenaed for (714) 362-4120, the number identified by ESPINOZA as being utilized by Ignacio RUBIO.  This number was also assigned to one of the phones seized from RUBIO in Richmond, Virginia on October 22, 2021.  Phone records indicate that the account was activated on March 23, 2016, and registered to Berenice Salazar, 8506 Fontana Street, Downey, California 90241.  Berenice Salazar is a name variation of RUBIO's wife, Josefa Berenice Salazar Gastelum.  Phone activity on RUBIO's (714) 362-4120 phone stopped on December 27, 2021, and was subsequently deactivated on January 28, 2022.

33.    In an effort to identify a new phone number for RUBIO, toll records for Valeria ESPINOZA's phone, (323) 217-4069 were subpoenaed and obtained.   A review of those records revealed that ESPINOZA contacted cellular telephone (909) 761-6101 for the first time on April 15, 2022, and on two additional separate occasions, with the last contact on April 17, 2022.

34.    Phone records associated with (909) 761-6101, hereafter referred to as "SUBJECT TELEPHONE 2", show the phone as being subscribed to Jay Torres, 5285 Florence Ave, Bell Gardens, California 90201 and having been activated on April 3, 2022.  Toll analysis shows all calling activity for SUBJECT TELEPHONE 2 stopped on June 3, 2022.  A search of several law enforcement and public record databases, to include the Office of the Assessor - County of Los Angeles, CA, indicates that 5285 Florence Ave, Bell Gardens, California 90201 is

14

a non-existent address.  Your affiant knows that it is common for persons involved in illegal activity to subscribe to phones in the names of other persons or in fictitious names and addresses and to initiate and terminate the use of different cellular phone numbers within short periods of time.  This is often done in an effort to evade law enforcement.

35.    Your affiant believes that Rubio used the SUBJECT TELEPHONE 2 between April 3, 2022, and June 3, 2022 before discontinuing its use and moving on to a new phone.

**Common Call Analysis for (714) 362-4120 and (909) 761-6101**

36.    Calling activity for the two phone numbers associated with RUBIO were analyzed resulting in the identification of nine different phone numbers that were in frequent contact with both (714) 362-4120 and SUBJECT TELEPHONE 2.  Those nine common phone numbers and their relevance are detailed below.

     a.  Valeria Espinoza – (323) 217-4069

        i.  (714) 362-4120 was in contact with (323) 217-4069 on 394 occasions between October 21, 2020, and October 22, 2021

        ii.  SUBJECT TELEPHONE 2 was in contact with (323) 217-4069 on 3 occasions between April 15, 2022, and April 17, 2022

        iii.  ESPINOZA was saved in RUBIO's (714) 362-4120 contact list as "De La Aseguranza Valeria"

        iv.  Espinoza is a suspected girlfriend of Rubio.

     b.  Sergio Gomez – (562) 313-0183

        i.  (714) 362-4120 was in contact with (562) 313-0183 on 14 occasions between November 15, 2020, and October 22, 2021.

        ii.  SUBJECT TELEPHONE 2 was in contact with (562) 313-0183 on 16 occasions between April 12, 2022, and May 20, 2022.

       iii.   (562) 313-0183 was saved in RUBIO's (714) 362-4120 contact list as "Vecino" which translates to "neighbor" in English.  The subscriber address for (562) 313-0183 is 8530 Ramona St, Bellflower, CA, an address located next door to Rubio's 8530 ½ Ramona St residence.

c.   <u>Ignacio Rubio Beltran – 52-6675733820</u>

       i.   (714) 362-4120 was in contact with phone 52-6675733820 on 276 occasions between October 21, 2020, and October 22, 2021.

       ii.   SUBJECT TELEPHONE 2 was in contact with 52-6675733820 on 56 occasions between April 10, 2022, and May 26, 2022.

       iii.   TRAC records show that RUBIO sent two money remittances totaling $1,460 to Ignacio Rubio Beltran, Calle Epigmenio Gonzalez, 2028, Culiacan, Sinaloa, MX, phone 6675733820 between October 14, 2020, and September 3, 2021.

       iv.   52-6675733820 was saved in RUBIO's (714) 362-4120 contact list as "Jr".   Your affiant suspects that remittance recipient Ignacio Rubio Beltran could be RUBIO's son.

d.   <u>"Nachon 2" 52-6674571170 and "Nachon" 52-6862460615</u>

       i.   (714) 362-4120 was in contact with phone 52-6674571170 on 239 occasions between October 25, 2020, and October 22, 2021.

       ii.   (714) 362-4120 was in contact with phone 52-6862460615 on 1 occasion on May 29, 2021.

       iii.   SUBJECT TELEPHONE 2 was in contact with 52-6674571170 on 31 occasions between April 10, 2022, and May 31, 2022

       iv.   TRAC records show that RUBIO sent three money remittances totaling $2,426 to Ignacio Rubio Quintero, Avenida Paseo Del Rey, 583, Culiacan, Sinaloa, MX, phone 6862460615.

       v.   52-6674571170 was saved in RUBIO's (714) 362-4120 contact list as "Nachon 2" and 52-6862460615 was saved in RUBIO's (714) 362-4120 contact list as "Nachon".  Nacho is the common nickname for Ignacio and "Nachon" commonly translates to Big/Older Nacho or Big/Older Ignacio in English.  Investigators suspect that remittance

recipient Ignacio Rubio Quintero could be RUBIO's father and that both the "Nachon 2" and "Nachon" entries are for Ignacio Rubio Quintero.

e.  Hortencia Carrillo Alvarez – 52-6671048194

  i.  (714) 362-4120 was in contact with phone 52-6671048194 on 235 occasions between October 22, 2020 and October 21, 2021

  ii.  SUBJECT TELEPHONE 2 was in contact with 52-6671048194 on 85 occasions between April 10, 2022, and June 1, 2022.

  iii.  TRAC records show that IRC sent eight money remittances totaling $6,540 to Hortencia Carrillo Alvarez, Calle Miguel Hidalgo, 2606, Culiacan, Sinaloa, MX, phone 6671048194 between 12/23/18 and 2/14/22.

  iv.  52-6671048194 was saved in RUBIO's (714) 362-4120 contact list as "Tencha".  "Tencha" is a common nickname for Hortencia.

f.  "Toce" – 52-6674470053

  i.  (714) 362-4120 was in contact with phone 52-6671048194 on 29 occasions between October 22, 2020, and September 4, 2021

  ii.  SUBJECT TELEPHONE 2 was in contact with 52-6671048194 on 18 occasions between May 10, 2022, and May 24, 2022.

  iii.  52-6674470053 was saved in RUBIO's (714) 362-4120 contact list as "Toce"

g.  Blanca Leticia Beltran Perez – 52-6673903021

  i.  (714) 362-4120 was in contact with phone 52-6673903021 on 89 occasions between November 10, 2020, and September 30, 2021

  ii.  SUBJECT TELEPHONE 2 was in contact with phone 52-6673903021 on 101 occasions between April 15, 2022, and May 10, 2022

  iii.  TRAC records show that IRC sent a money remittance of $990 to Blanca Leticia Beltran Perez, Calle Epigmenio Gonzalez, 2028,

Culiacan, Sinaloa, MX, phone 6673903021 on 5/6/21.  This is the same address as the address for the remittances to Ignacio Rubio Beltran.

    iv.  52-6673903021 was saved in RUBIO's (714) 362-4120 contact list as "Lety"  "Lety" is a common nickname for Leticia.

  h.  "Jera" – 52-6674176181

    i.  (714) 362-4120 was in contact with phone 52-6674176181 on 16 occasions between December 5, 2020 and October 19, 2021

    ii.  SUBJECT TELEPHONE 2 was in contact with phone 52-6674176181 on 8 occasions between April 14, 2022 and May 15, 2022

    iii.  52-6674176181 was saved in RUBIO's (714) 362-4120 contact list as "Jera"

  i.  "Paola" – 52-3335824063

    i.  (714) 362-4120 was in contact with phone 52-3335824063 on 6 occasions between October 16, 2021, and October 21, 2021.

    ii.  SUBJECT TELEPHONE 2 was in contact with phone 52-3335824063 on 27 occasions between April 9, 2022, and May 19, 2022.

    iii.  52-3335824063 was saved in RUBIO's (714) 362-4120 contact list as "Paola"

37.    In an effort to identify RUBIO's new phone, updated phone records were again requested for ESPINOZA's (323) 217-4069 phone.  On June 18, 2022, ESPINOZA began contacting (562) 336-7023 and was in contact with the phone on three separate additional occasions that day.   Phone records for (562) 336-7023, hereafter referred to as SUBJECT TELEPHONE 1, were subpoenaed, identifying the subscriber as Berenice GASTELUM, with no listed address.  The phone was activated on May 25, 2022,   Berenice GASTELUM, like Berenice SALAZAR (subscriber for the 714-362-4120 phone), is a name variation of RUBIO's

18

wife Josefa Berenice Salazar Gastelum.  SUBJECT TELEPHONE 1 stopped receiving phone calls on June 26, 2022.

**Common Call Analysis for 714-362-4120 and 562-336-7023**

38.  The calling activity for the two phone numbers (714) 362-4120 and SUBJECT TELEPHONE 1 were analyzed resulting in the identification of eleven different phone numbers that were in frequent contact with both of the numbers.  Those eleven common phones and their relevance are detailed below.

    a.  Valeria Espinoza – (323) 217-4069

        i.  (714) 362-4120 was in contact with (323) 217-4069 on 394 occasions between October 21, 2020, and October 22, 2021

        ii.  SUBJECT TELEPHONE 1 was in contact with (323) 217-4069 on 4 occasions on June 18, 2022.

        iii.  ESPINOZA was saved in RUBIO's (714) 362-4120 contact list as "De La Aseguranza Valeria".

        iv.  Espinoza is a suspected girlfriend of RUBIO.

    b.  Ignacio Rubio Beltran – 52-6675733820

        i.  (714) 362-4120 was in contact with phone 52-6675733820 on 276 occasions between October 21, 2020, and October 22, 2021.

        ii.  SUBJECT TELEPHONE 1 was in contact with 52-6675733820 on 56 occasions between June 9, 2022, and June 20, 2022.

        iii.  TRAC records show that RUBIO sent two money remittances totaling $1,460 to Ignacio Rubio Beltran, Calle Epigmenio Gonzalez, 2028, Culiacan, Sinaloa, MX, phone 6675733820 between October 14, 2020, and September 3, 2021.

        iv.  52-6675733820 was saved in RUBIO's (714) 362-4120 contact list as "Jr".  Your affiant suspects that remittance recipient Ignacio Rubio Beltran could be RUBIO's son.

19

c. "Nachon 2" 52-6674571170 and "Nachon" 52-6862460615

    i. (714) 362-4120 was in contact with phone 52-6674571170 on 239 occasions between October 25, 2020, and October 22, 2021

    ii. SUBJECT TELEPHONE 1 was in contact with 52-6674571170 on 17 occasions between June 9, 2022, and June 19, 2022.

    iii. TRAC records show that RUBIO sent three money remittances totaling $2,426 to Ignacio Rubio Quintero, Avenida Paseo Del Rey, 583, Culiacan, Sinaloa, MX, phone 6862460615.

    iv. 52-6674571170 was saved in RUBIO's (714)362-4120 contact list as "Nachon 2" and 52-6862460615 was saved in RUBIO's (714) 362-4120 contact list as "Nachon".  Nacho is the common nickname for Ignacio and "Nachon" commonly translates to Big/Older Nacho or Big/Older Ignacio in English.  Investigators suspect that remittance recipient Ignacio Rubio Quintero could be RUBIO's father and that both the "Nachon 2" and "Nachon" entries are for Ignacio Rubio Quintero.

d. Hortencia Carrillo Alvarez – 52-6671048194

    i. (714) 362-4120 was in contact with phone 52-6671048194 on 235 occasions between October 22, 2020, and October 21, 2021

    ii. SUBJECT TELEPHONE 1 was in contact with 52-6671048194 on 8 occasions between June 15, 2022, and June 19, 2022

    iii. TRAC records show that IRC sent eight money remittances totaling $6,540 to Hortencia Carrillo Alvarez, Calle Miguel Hidalgo, 2606, Culiacan, Sinaloa, MX, phone 6671048194 between 12/23/18 and 2/14/22.

    iv. 52-6671048194 was saved in RUBIO's (714) 362-4120 contact list as "Tencha".  "Tencha" is a common nickname for Hortencia.

e. "Toce" – 52-6674470053

    i. (714) 362-4120 was in contact with phone 52-6671048194 on 29 occasions between October 22, 2020 and September 4, 2021

   ii. SUBJECT TELEPHONE 1 was in contact with 52-6671048194 on 13 occasions between June 9, 2022, and June 18, 2022

   iii. 52-6674470053 was saved in RUBIO's (714) 362-4120 contact list as "Toce"

 f. "Sukey" – 52-6671395185

   i. (714) 362-4120 was in contact with phone 52-6671395185 on 156 occasions between November 21, 2020, and October 21, 2021

   ii. SUBJECT TELEPHONE 1 was in contact with 52-6671395185 on 5 occasions between June 9, 2022, and June 14, 2022

   iii. 52-6671395185 was saved in RUBIO's (714) 362-4120 contact list as "Sukey".

 g. "Nachito Nogales" – 52-6672247999

   i. (714) 362-4120 was in contact with phone 52-6672247999 on 76 occasions between October 27, 2020 and October 18, 2021

   ii. SUBJECT TELEPHONE 1 was in contact with 52-6672247999 on 2 occasions on June 10, 2022

   iii. 52-6672247999 was saved in RUBIO's (714) 362-4120 contact list as "Nachito Nogales".

 h. Macuaro – 52-6672047876

   i. (714) 362-4120 was in contact with phone 52-6672047876 on 45 occasions between October 26, 2020 and October 18, 2021

   ii. SUBJECT TELEPHONE 1 was in contact with 52-6672047876 on 14 occasions between June 10, 2022, and June 18, 2022

   iii. 52-66720477876 was saved in RUBIO's (714) 362-4120 contact list as "Macuaro".

 i. Kitzia – 52-6675072657

      i.   (714) 362-4120 was in contact with phone 52-6675072657 on 6 occasions between December 1, 2020, and October 17, 2021.

      ii.   SUBJECT TELEPHONE 1 was in contact with 52-6675072657 on 3 occasions between June 10, 2022, and June 15, 2022.

      iii.   52-6675072657 was saved in RUBIO's (714) 362-4120 contact list as "Kitzia".

   j.   <u>"Bryan" – 52-6673165918</u>

      i.   (714) 362-4120 was in contact with phone 52-6673165918 on 9 occasions between December 1, 2020, and October 17, 2021

      ii.   SUBJECT TELEPHONE 1 was in contact with 52-6673165918 on 7 occasions between June 10, 2022, and June 19, 2022

      iii.   52-6673165918 was saved in RUBIO's (714) 362-4120 contact list as "Bryan".

   k.   <u>"Pepe" – 52-6142164317</u>

      i.   (714) 362-4120 was in contact with phone 52-6142164317 on 4 occasions between November 4, 2020 and November 6, 2020

      ii.   SUBJECT TELEPHONE 1 was in contact with 52-6142164317 on 2 occasions on June 11, 2022

      iii.   52-6142164317 was saved in RUBIO's (714) 362-4120 contact list as "Pepe".

**<u>Common Call Analysis for (714) 362-4120, (909) 761-6101 and (562) 336-7023</u>**

39.    Calling activity for the three phone numbers associated with RUBIO were analyzed resulting in the identification of five different phone numbers that have been in frequent contact with all three of the numbers. Those five common phone numbers and their relevance are detailed below.

   a.   <u>Valeria Espinoza – (323) 217-4069</u>

    i. (714) 362-4120 was in contact with (323) 217-4069 on 394 occasions between October 21, 2020, and October 22, 2021

    ii. SUBJECT TELEPHONE 2 was in contact with (323) 217-4069 on 3 occasions between April 15, 2022, and April 17, 2022.

    iii. SUBJECT TELEPHONE 1 was in contact with (323) 217-4069 on 4 occasions on June 18, 2022.

    iv. ESPINOZA was saved in RUBIO's (714) 362-4120 contact list as "De La Aseguranza Valeria".

    v. It is suspected that Espinoza is a paramour of Rubio based on the content of communication between Espinoza and Rubio revealed in the search of Rubio's (714) 362-4120 phone and the high rate of contact between ESPINOZA's phone and RUBIO's (714) 362-4120 phone.

b. <u>Ignacio Rubio Beltran – 52-6675733820</u>

    i. (714) 362-4120 was in contact with phone 52-6675733820 on 276 occasions between October 21, 2020, and December 22, 2021

    ii. SUBJECT TELEPHONE 2 was in contact with 52-6675733820 on 56 occasions between April 10, 2022, and May 26, 2022

    iii. SUBJECT TELEPHONE 1 was in contact with 52-6675733820 on 56 occasions between June 9, 2022, and June 20, 2022

    iv. TRAC records show that RUBIO sent two money remittances totaling $1,460 to Ignacio Rubio Beltran, Calle Epigmenio Gonzalez, 2028, Culiacan, Sinaloa, MX, phone 6675733820 between October 14, 2020 and September 3, 2021.  This is the same address as the address for the remittances sent to Blanca Leticia Beltran Perez.

    v. 52-6675733820 was saved in RUBIO's (714) 362-4120 contact list as "Jr".  Your affiant suspects that remittance recipient Ignacio Rubio Beltran could be RUBIO's son based on his paternal-maternal combination of surnames, Rubio Beltran, and the fact that shares an address with Blanca Leticia Beltran Perez and he is listed as "Jr" in Rubio's (714)362-4120 phone.

c. "Nachon 2" 52-6674571170 and "Nachon" 52-6862460615

   i. (714) 362-4120 was in contact with phone 52-6674571170 on 239 occasions between October 25, 2020, and October 18, 2021

   ii. SUBJECT TELEPHONE 2 was in contact with 52-6674571170 on 31 occasions between April 10, 2022, and May 31, 2022.

   iii. SUBJECT TELEPHONE 1 was in contact with 52-6674571170 on 17 occasions between June 9, 2022, and June 19, 2022.

   iv. TRAC records show that RUBIO sent three money remittances totaling $2,426 to Ignacio Rubio Quintero, Avenida Paseo Del Rey, 583, Culiacan, Sinaloa, MX, phone 6862460615.

   v. 52-6674571170 was saved in RUBIO's (714)362-4120 contact list as "Nachon 2" and 52-6862460615 was saved in RUBIO's (714) 362-4120 contact list as "Nachon".  Nacho is the common nickname for Ignacio and "Nachon" commonly translates to Big/Older Ignacio in English.  Investigators suspect that remittance recipient Ignacio Rubio Quintero could be RUBIO's father and that both the "Nachon 2" and "Nachon" entries are for Ignacio Rubio Quintero.

d. Hortencia Carrillo Alvarez – 52-6671048194

   i. (714) 362-4120 was in contact with phone 52-6671048194 on 235 occasions between October 22, 2020, and October 21, 2021

   ii. SUBJECT TELEPHONE 2 was in contact with 52-6671048194 on 85 occasions between April 10, 2022, and June 1, 2022

   iii. SUBJECT TELEPHONE 1 was in contact with 52-6671048194 on 8 occasions between June 15, 2022, and June 19, 2022

   iv. TRAC records show that IRC sent eight money remittances totaling $6,540 to Hortencia Carrillo Alvarez, Calle Miguel Hidalgo, 2606, Culiacan, Sinaloa, MX, phone 6671048194 between 12/23/18 and 2/14/22.

   v. 52-6671048194 was saved in RUBIO's (714) 362-4120 contact list as "Tencha".  "Tencha" is a common nickname for Hortencia.  Rubio's

24

full last name is Rubio Carrillo, and it is possible that Hortencia Carrillo Alvarez could be a maternal relative.

e.   "Toce" – 52-6674470053

   i.   (714) 362-4120 was in contact with phone 52-6671048194 on 29 occasions between October 22, 2020, and September 4, 2021

   ii.   SUBJECT TELEPHONE 2 was in contact with 52-6671048194 on 18 occasions between May 10, 2022, and May 24, 2022

   iii.   SUBJECT TELEPHONE 1 was in contact with 52-6671048194 on 13 occasions between June 9, 2022, and June 18, 2022

   iv.   52-6674470053 was saved in RUBIO's (714) 362-4120 contact list as "Toce"

40.   Your affiant believes that four of the individuals listed above as common calling contacts for RUBIO's phones, and who were also recipients of remittances sent by RUBIO from the United States to Mexico, are likely relatives of RUBIO.  Those four individuals, Ignacio Rubio Beltran, Ignacio Rubio Quintero, Hortencia Carrillo Alvarez, and Blanca Leticia Beltran Perez, either share a surname with RUBIO and/or with one another.   Your affiant suspects that Ignacio Rubio Beltran may be RUBIO's son, and that Blanca Leticia Beltran Perez may be the mother of Rubio Beltran given that Rubio Beltran and Beltran Perez share an address in Culiacan, Sinaloa, Mexico as evidenced by Rubio's remittance activity.  Your affiant suspects that Ignacio Rubio Quintero may be RUBIO's father, and that Hortencia Carrillo Alvarez may be his mother.

41.   The presence of multiple commonly contacted numbers from several phone numbers, several of which include subjects believed to be relatives of the suspected phone user, strongly indicates that there is a single user for the different phone numbers.  Consistent or

repetitive subscriber information or apparent fictitious subscriber information is also indicative of a single user.  The (714) 362-4120 phone number and the SUBJECT TELEPHONE 1 phone number were both subscribed to names that are a variation of Rubio's wife's name, Josefa Berenice Salazar Gastelum.  All three phone numbers in question were in contact with Rubio's suspected girlfriend and insurance agent Valeria ESPINOZA.

### Conclusion

42.     Your affiant believes that RUBIO used cellular phone (714) 362-4120 up until the time it was seized from him on October 22, 2021, when he was in Richmond, VA.  Your affiant believes that RUBIO began to use cellular telephone (909) 761-6101, SUBJECT TELEPHONE 2, on or about April 3, 2022, after he fled from the Pasadena, CA police on March 16, 2022, and that RUBIO stopped using this phone on or about June 3, 2022.  Your affiant believes that RUBIO then began to use cellular phone (562) 336-7023, the SUBJECT TELEPHONE 1, on or about May 25, 2022, and used this phone through June 26, 2022.

43.     Your affiant believes that historical location data associated with SUBJECT TELEPHONE 1 and SUBJECT TELEPHONE 2 will help identify addresses and travel patterns for Ignacio RUBIO Carrillo and secure his safe arrest.  Additionally, the information requested in the search warrant and concomitant orders will provide additional information regarding RUBIO Carillo's potential past and present drug-trafficking activity.

44.     In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records."  Cell-site data identifies the

"cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

45.     Based on my training and experience, I know that T-Mobile collects historical geo-location services/global positioning system (GPS) data/enhanced 911 (E911) records including any available ranging data [distance from tower, range to tower (PCMD/RTT/REVEAL/Historic MLTs, TrueCall, TDOA or Timing Advance Information or other similar un-named records held by the Provider)] which may be available to the Provider..

46.     Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because

the information can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

47.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

48.     I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.  Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Vaughan S. Livengood
Digitally signed by Vaughan S. Livengood
Date: 2022.07.19 15:17:16 -04'00'

Vaughan S. Livengood
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on July  19, 2022

/s/
Elizabeth W. Hanes
United States Magistrate Judge

UNITED STATES MAGISTRATE JUDGE

28

## ATTACHMENT A

**Property to Be Searched**

This Warrant applies to records and information associated with the cellular telephones assigned call numbers (562) 336-7023 and (909) 761-6101, ("SUBJECT TELEPHONE NUMBERS"), that are stored at premises controlled by T-Mobile ("PROVIDER"), headquartered at Parsippany, New Jersey.

## ATTACHMENT B

### Particular Things to be Seized

**I.  Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period May 25, 2022 through and including June 25, 2022 for SUBJECT TELEPHONE 1 and April 3, 2022 through and including June 3, 2022 for SUBJECT TELEPHONE 2, collectively SUBJECT TELEPHONE NUMBERS:

a.  The following information about the customers or subscribers of the Account:

i.  Names (including subscriber names, usernames, and screen names);

ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

iii.  Local and long-distance telephone connection records;

iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

v.  Length of service (including start date) and types of service utilized;

vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

2

      vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

     viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

b.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i.  the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

     ii.  All historical geo-location services/global positioning system (GPS) data/enhanced 911 (E911) records including any available ranging data [distance from tower, range to tower (PCMD/RTT/REVEAL/Historic MLTs, TrueCall, TDOA or Timing Advance Information or other similar un-named records held by the Provider) which may be available to the Provider.

## II.  Information to be Seized by the Government

All information described above in Section I that constitutes evidence and instrumentalities of violations of 21 U.S.C. §§ 846 and 841(a)(1), conspiracy to possess with intent to distribute and distribute controlled substances, and possession with intent to distribute controlled substances involving Ignacio RUBIO Carrillo during the period April 3, 2022 through and including June 25, 2022.

3

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider to locate the things particularly described in this Warrant

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC
## RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE
## 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in

this certification is true and correct.  I am employed by [**PROVIDER**], and my title is

_____.  I am qualified to authenticate the records attached hereto

because I am familiar with how the records were created, managed, stored, and retrieved.  I state

that the records attached hereto are true duplicates of the original records in the custody of

[**PROVIDER**].  The attached records consist of _____ **[GENERALLY DESCRIBE**

**RECORDS (pages/CDs/megabytes)]**.  I further state that:

a.       all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth by, or from information transmitted by, a person with

knowledge of those matters, they were kept in the ordinary course of the regularly conducted

business activity of **[PROVIDER]**, and they were made by **[PROVIDER]** as a regular practice;

and

b.       such records were generated by **[PROVIDER'S]** electronic process or system

that produces an accurate result, to wit:

1.       the records were copied from electronic device(s), storage medium(s), or

file(s) in the custody of **[PROVIDER]** in a manner to ensure that they are true duplicates of the

original records; and

2.      the process or system is regularly verified by **[PROVIDER]**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____
Date                                                            Signature

2